**Motion granted, in part, and denied, in part; Order filed January 26, 2017.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00508-CV
_____

### ARNOLD "BLU" SHIELDS, Appellant

### V.

### SCOTT CONKLING, MELISSA CONKLING, ET AL, Appellees

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 15-CV-0112**

## ORDER

Appellant Arnold "Blu" Shields[1] filed a motion to compel the trial court coordinator to supplement the record with certain documents. Appellant further requests that this court delay submission of this appeal until 60 days after the record is supplemented, in which time appellant intends to file a reply brief.

---

[1] Appellant named Blu Shields Construction as an appellant in this appeal. Blu Shields Construction was dismissed from this appeal by order issued October 25, 2016, for failure to obtain representation.

The proper procedure for a party to supplement the clerk's record is by written request to the clerk. According to appellant's motion, he has requested supplementation of the clerk's record with "a copy of all the Court Coordinator and Trial Coordinators [sic] notes, emails, correspondence[.]" A handwritten note on the bottom of appellant's request in the trial court notes, "Per court, defendant is only entitled to clerk's record." The trial court coordinator does not prepare the clerk's record. This court may order supplementation of the clerk's record. *See* Tex. R. App. P. 34.5(c). This court, however, does not have jurisdiction to order the trial court coordinator to file notes, emails, or correspondence. Nor does this court have jurisdiction to order supplementation of the appellate record with documents that were not filed in the trial court. *See id.*

To the extent appellant asks this court to order the trial court coordinator to supplement the record, we take no action on appellant's motion because we lack jurisdiction. To the extent appellant asks this court to delay submission of this appeal, the motion is denied. Appellant's request for an extension of time to file his reply brief is granted to February 16, 2017. If appellant needs to rely on a trial court document that is part of the record below, that is not yet part of the clerk's record on appeal, appellant should put a copy of the document in the appendix to his brief, with a notation that the official document has been requested from the clerk. This court will not delay issuance of an opinion awaiting appellant's reply brief.

PER CURIAM


Panel consists of Justices Christopher, Busby, and Jewell.